UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

COREY P.,

                    Plaintiff,

          v.

NANCY A. BERRYHILL, Deputy
Commissioner of Social Security for
Operations,

                    Defendant.

CASE NO. 3:18-cv-5007 MJP-JRC

REPORT AND RECOMMENDATION
ON PLAINTIFF'S COMPLAINT

NOTING DATE: November 9, 2018

     This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed. *See* Dkts. 12, 13, 14.

     After considering and reviewing the record, the Court finds that the ALJ's decision is based on substantial evidence. The ALJ made a clerical error in failing to include plaintiff's severe impairment of intermittent explosive disorder in the heading of his step two discussion. However the ALJ did include this disorder in his substantive discussion of step two, as well as

1  included limitations from the disorder in his RFC. Therefore, any error in omitting intermittent

2  explosive disorder from the heading at step two is harmless.

3      The ALJ erred in his statement that Dr. Morgan's psychological opinion was based

4  entirely on plaintiff's self-reports, however, this error is harmless because the ALJ based his

5  ultimate decision on the five other psychological opinions in the record. Therefore, the decision

6  as a whole is based on substantial evidence.

7      The ALJ also committed harmless error in failing to give a germane reason for rejecting

8  the testimony of plaintiff's case manager. However, the case manager's opinion did not include

9  any functional limitations that had not already been contemplated in the RFC. Therefore,

10 crediting the case manager's opinion as true would not result in any additional limitations in the

11 RFC.

12     Accordingly, this Court recommends that this matter be affirmed pursuant to 42 U.S.C. §

13 405(g).

14

15                                    BACKGROUND

16     Plaintiff, COREY P., was born in 1975 and was 36 years old on the alleged disability

17 onset date of January 8, 2011.  AR. 28, 43. Plaintiff has completed two years of college, and has

18 past work history as a welder. AR 437, 465. Plaintiff stopped working because of his medical

19 conditions. AR. 436.

20     According to the ALJ, plaintiff has at least the severe impairments of "degenerative disc

21 disease, cognitive disorder, major depressive disorder, post-traumatic stress disorder, and alcohol

22 abuse. (20 CFR 404.1520(c) and 416.920(c))." AR. 31.

23     At the time of the hearing, plaintiff was homeless. AR. 65.

24

1

2                                   PROCEDURAL HISTORY

3          Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. §

4   423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. §

5   1382(a) (Title XVI) of the Social Security Act were denied initially and following

6   reconsideration (*see* AR. YY). Plaintiff's requested hearing was held before Administrative Law

7   Judge Steve Lynch ("the ALJ") on November 12, 2015. AR. 28. On December 9, 2015, the ALJ

8   issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to

9   the Social Security Act. *See* AR. 28-45.

10         On November 6, 2017, the Appeals Council denied plaintiff's request for review[1],

11  making the written decision by the ALJ the final agency decision subject to judicial review. AR.

12  1; *see* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the

13  ALJ's written decision in January 2018. *See* Dkt. 1. Defendant filed the sealed administrative

14  record ("AR.") regarding this matter on March 9, 2018. *See* Dkt. 10.

15         In plaintiff's Opening Brief, plaintiff raises the following issues:   (1) Whether the ALJ

16  failed to include intermittent explosive disorder as a severe impairment; (2) Whether the ALJ

17  improperly rejected the opinion of examining provider David Morgan, PhD.; and (3) Whether

18  the ALJ improperly rejected the opinion of treating provider Youri Archer, MSW.

19         //

20         //

21         //

22

23  _____
            [1] Plaintiff had a previous hearing wherein the ALJ issued an unfavorable decision, and the Appeals Council
    accepted review and remanded this case to the ALJ for a new hearing. The ALJ again issued an unfavorable
24  decision, which is the subject of review in this report and recommendation.

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 3

1

STANDARD OF REVIEW

2

    Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

3

social security benefits if the ALJ's findings are based on legal error or not supported by

4

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

5

Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

6

7

DISCUSSION

8

I.    **Whether the ALJ failed to include intermittent explosive disorder as a severe impairment.**

9

10

    Plaintiff alleges that the ALJ erred by failing to include plaintiff's diagnosis of

intermittent explosive disorder as a severe impairment at step two. Step-two of the

11

administration's evaluation process requires the ALJ to determine if the claimant "has a

12

medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273,

13

1289-90 (9th Cir. 1996) (citation omitted); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii)

14

(1996). The Administrative Law Judge "must consider the combined effect of all of the

15

claimant's impairments on her ability to function, without regard to whether [or not] each alone

16

was sufficiently severe." *Smolen, supra*, 80 F.3d at 1290 (citations omitted).

17

    Here, the ALJ found that plaintiff has the severe impairments of degenerative disc

18

disease, cognitive disorder, major depressive disorder, posttraumatic stress disorder, and alcohol

19

abuse. AR. 31. In his substantive discussion of plaintiff's severe impairments, the ALJ also

20

stated that the medical expert who testified at the hearing noted that plaintiff had the following

21

diagnoses: major depressive disorder; intermittent explosive disorder; traumatic brain injury;

22

posttraumatic stress disorder; and alcohol abuse. AR. 31. The ALJ then stated that "[t]he above

23

impairments caused significant limitations in the claimant's ability to perform basic work

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 4

1    activities during this period." AR. 31. The ALJ discussed intermittent explosive disorder in his

2    credibility analysis. AR 36. The ALJ also affirmatively raised the issue of intermittent explosive

3    disorder with the medical expert who appeared at the hearing stating "when I see a diagnosis of

4    intermittent explosive disorder, it always makes me concerned about, you know, how often that

5    might have been, or, you know, whether – how that would impact work ability." AR. 61. In his

6    written decision, the ALJ noted that "objective medical evidence in the record supports limiting

7    the claimant… to less than occasional public interaction; and occasional interaction with

8    supervisors and coworkers." AR. 37. The ALJ included these limitations in plaintiff's RFC. AR.

9    33. Therefore, it appears that the ALJ simply made a clerical error in omitting intermittent

10   explosive disorder from the heading at step two. *See* AR. 31. This is not harmful error.

11        The Ninth Circuit recently addressed this issue stating that "[s]tep two is merely a

12   threshold determination meant to screen out weak claims… [and] [t]he RFC therefore *should* be

13   exactly the same regardless of whether certain impairments are considered 'severe' or not." *Buck*

14   *v. Berryhill,* 869 F.3d 1040, 1048-49 (9th Cir. 2017) (*citing Bowen v. Yuckert*, 482 U.S. 137,

15   146-47 (1987))(emphasis in original); *see also Carmickle v. Comm'r, SSA,* 533 F.3d 1155, 1164

16   (9th Cir. 2008)(finding that the ALJ erred in not including limitations from Carmickle's non-

17   severe tendonitis impairment in his RFC assessment). Therefore, even if the ALJ did err in

18   failing to name intermittent explosive disorder as a severe impairment, this error was harmless

19   because the ALJ included limitations from the disorder in the RFC. AR. 33.

20        Courts must review cases "'without regard to errors' that do not affect the parties'

21   'substantial rights.'" *Id.* at 1118 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)

22   (quoting 28 U.S.C. § 2111) (codification of the harmless error rule)). Here, there is substantial

23   evidence to show that the ALJ does appear to have considered plaintiff's diagnosis of

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 5

1   intermittent explosive disorder as a severe impairment.  The ALJ included limitations from that

2   diagnosis in the RFC, and included the diagnosis in the substantive discussion of whether

3   plaintiff's impairments prohibited him from working. The Ninth Circuit has reaffirmed the

4   explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential

5   to the ultimate nondisability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir.

6   2015) (citing *Stout,* 454 F.3d at 1055-56). Here, the ultimate disability decision would be

7   unlikely to change if plaintiff's diagnosis of intermittent explosive disorder were included in the

8   heading of the discussion at step two.

9        **II.    Whether the ALJ improperly rejected the opinion of examining provider**
         **David Morgan, PhD.**

10

11       Plaintiff asserts that the ALJ improperly rejected the opinion of examining provider

12   David Morgan, PhD. The ALJ must provide "clear and convincing" reasons for rejecting the

13   uncontradicted opinion of either a treating or examining physician or psychologist.  *Lester v.*

14   *Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir.

15   1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). But when a treating or examining

16   physician's opinion is contradicted, that opinion can be rejected "for specific and legitimate

17   reasons that are supported by substantial evidence in the record."  *Lester,* 81 F.3d at 830-31

18   (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)); *Murray v. Heckler*, 722 F.2d

19   499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough

20   summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and

21   making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v.*

22   *Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).  The ALJ stated that Dr. Morgan's evaluation was

23   contradicted by other psychological evaluations in the record and, therefore, he must give

24

1    specific, legitimate reasons for assigning little weight to Dr. Morgan's opinion. *Lester,* 81 F.3d at

2    830-31.

3    Here, the ALJ assigned little weight to the psychological evaluation by David Morgan,

4    PhD. AR. 38. The ALJ stated that Dr. Morgan noted marked impairments in eight areas of

5    functioning, but provided little explanation to support those limitations. AR. 38. Dr. Morgan's

6    evaluation includes a mental status exam, a brief synopsis of plaintiff's medical and mental

7    health history, and list of functional limitations with check-boxes with mild to severe ratings.

8    AR.773-77. The ALJ rejected Dr. Morgan's findings because he did not did not give a functional

9    explanation of his finding. AR. 38. An ALJ need not accept the opinion of a treating physician if

10   that opinion is brief, conclusory, and inadequately supported by clinical findings or by the record

11   as a whole. *Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1195 (9th

12   Cir. 2004) (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001)); *see also Thomas*

13   *v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). Therefore, this is a specific and legitimate reason

14   for assigning little weight to Dr. Morgan's testimony.

15   The ALJ also assigned little weight to Dr. Morgan because Dr. Morgan's report "appears

16   to be based wholly on the subjective representations of the claimant" who the ALJ found was not

17   entirely credible. AR. 39. The Ninth Circuit has held that "[a] physician's opinion of disability

18   'premised to a large extent upon the claimant's own accounts of his symptoms and limitations'

19   may be disregarded where those complaints have been" discounted properly. *Morgan, supra,* 169

20   F.3d at 602 (quoting *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989) (citing *Brawner v. Sec.*

21   *HHS*, 839 F.2d 432, 433-34 (9th Cir. 1988))). Plaintiff did not challenge the ALJ's credibility

22   determination. However, plaintiff points out that Dr. Morgan did review plaintiff's medical

23   records, indicating that Dr. Morgan's opinion is not based entirely on plaintiff's self-reports. AR.

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 7

1    773.  Like all findings by the ALJ, a finding that a doctor's opinion is based largely on a

2    claimant's own accounts of his symptoms and limitations must be based on substantial evidence

3    in the record as a whole. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing

4    *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).  Because Dr. Morgan based his opinion in

5    part on plaintiff's medical records, his reason for rejecting Dr. Morgan's opinion as being based

6    solely on plaintiff's self-reports is not based on substantial evidence.

7         However, the ALJ gave detailed explanation of the five other psychological opinions

8    found in the record. *See* AR. 38-43. The ALJ noted psychological and neuropsychological

9    opinions from Todd Bowerly, PhD., Lawrence Moore, PhD., Jamie Carter, PhD., Linda

10   Fishermen, PhD., and John Nance, PhD. AR. 38-43. The ALJ assigned three of these examiners

11   great or significant weight, and assigned some weight to the other two. AR. 38-43. The ALJ

12   found that the other psychological examiners gave opinions that were consistent with each other.

13        The ALJ is responsible for evaluating a claimant's testimony and resolving ambiguities

14   and conflicts in the medical evidence.  *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)

15   (citing *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).  Determining whether or not

16   inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and

17   whether certain factors are relevant to discount" the opinions of medical experts "falls within this

18   responsibility." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999)).   If

19   the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting

20   testimony and evaluating a claimant's testimony lies with the ALJ.  *Sample v. Schweiker*, 694

21   F.2d 639, 642 (9th Cir. 1982) (quoting *Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971)

22   (citing *Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980))).

23

24

It is not the job of the court to reweigh the evidence: If the evidence "is susceptible to more than one rational interpretation," including one that supports the decision of the Commissioner, the Commissioner's conclusion "must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citing *Morgan,* 169 F.3d at 599, 601). Therefore, although the ALJ erred in his statement that Dr. Morgan's opinion was based largely on plaintiff's self-reports, the ALJ's decision as a whole is based on substantial evidence.

### III.    Whether the ALJ improperly rejected the opinion of treating provider Youri Archer, MSW.

Plaintiff asserts that the ALJ erred in assigning little weight to the opinion of Youri Archer. AR. 42-43. Pursuant to the relevant federal regulations, in addition to "acceptable medical sources," that is, sources "who can provide evidence to establish an impairment," 20 C.F.R. § 404.1513 (a), there are "other sources," such as friends and family members, who are defined as "other non-medical sources" and "other sources" such as nurse practitioners, physician assistants, therapists, and chiropractors, who are considered other medical sources. *See* 20 C.F.R. § 404.1513 (d). *See also Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (citing 20 C.F.R. § 404.1513(a), (d)); Social Security Ruling "SSR" 06-3p, 2006 SSR LEXIS 5 at *4-*5, 2006 WL 2329939. An ALJ may disregard opinion evidence provided by both types of "other sources," characterized by the Ninth Circuit as lay testimony, "if the ALJ 'gives reasons germane to each witness for doing so.'" *Turner,* 613 F.3d at 1224 (quoting *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)); *see also Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). This is because in determining whether or not "a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Comm'r*, *Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006) (citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993); 20 C.F.R. §§ 404.1513(d)(4) and (e), 416.913(d)(4) and (e)).

1    Here, the ALJ assigned case manager Archer's opinion little weight because he has only

2 known the plaintiff since 2012 and did not know plaintiff before his accidents. The ALJ also

3 discounted this testimony because case manager Archer stated that awarding plaintiff benefits

4 would assist plaintiff in obtaining better housing and medical care—a reason the ALJ cannot

5 consider in awarding benefits. Plaintiff concedes that the latter reason for rejecting case manager

6 Archer's testimony.

7    The fact that case manager Archer did not know plaintiff prior to his accident is not a

8 germane reason for rejecting the testimony. Case manager Archer is plaintiff's case manager

9 who has seen plaintiff regularly since 2012. AR. 905. Although he did not know plaintiff prior to

10 2012, case manager Archer is able to give insight into plaintiff's current level of functioning,

11 which is the pertinent issue in a disability case. Moreover, the record does support case manager

12 Archer's assertion that before plaintiff's injury, he had a career.  Plaintiff's earning records show

13 an abrupt decline in 2008. AR. 409-10. Before this, the record shows that plaintiff had regular

14 earnings. AR. 409-10.  An ALJ may discredit lay testimony if it conflicts with medical evidence,

15 even though it cannot be rejected as unsupported by the medical evidence. *See Lewis v. Apfel*,

16 236 F.3d 503, 511 (9th Cir. 2001) (An ALJ may discount lay testimony that "conflicts with

17 medical evidence") (citing *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984); *Baylis v.

18 Barnhart*, 427 F.3d 1244. 1218 (9th Cir. 2005) ("Inconsistency with medical evidence" is a

19 germane reason for discrediting lay testimony) (citing *Lewis*, 236 F.3d at 511). Here, there is no

20 conflict between the medical evidence and case manager Archer's testimony that plaintiff suffers

21 from memory problems, depression, low self-esteem, and is forgetful of appointments.

22 Therefore, this is not a germane reason for rejecting case manager Archer's testimony.

23

24

1    However, this Court must also consider whether the ALJ's error in rejecting case

2    manager Archer's testimony was harmful error. The Ninth Circuit has held that "where the

3    ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the

4    claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude

5    that no reasonable ALJ, when fully crediting the testimony, could have reached a different

6    disability determination." *Stout,* 454 F.3d at 1056 (reviewing cases).

7    The failure to give individualized reasons for rejecting a lay witness's statement is not per

8    se prejudicial if the ALJ gave well supported reasons for rejecting similar testimony. *Molina v.*

9    *Astrue*, 674 F. 3d 1104, 1117 (9th Cir. 2012).   If the ALJ has provided proper reasons to

10    discount the lay testimony in another aspect of the written decision, such as within the discussion

11    of plaintiff's testimony , the lay testimony may be considered discounted properly even if the

12    ALJ fails to link explicitly the proper reasons to discount the lay testimony to the lay testimony

13    itself. *See Molina,* 674 F.3d at 1121 (quoting *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001)).

14    Here, the ALJ rejected a portion of plaintiff's mother's testimony because she did not "explain

15    how the claimant's current limitations would prevent the performance of work consistent with

16    the residual functional capacity." AR.42.

17    Case manager Archer stated in her testimony that plaintiff "experiences memory

18    impairments, migraines, episodes of depression and feelings of low self worth." AR. 905.  Case

19    manager Archer also stated that plaintiff is "hopeless with low self worth and episodes of

20    depression that last for days." AR. 905. The remainder of case manager Archer's testimony

21    discusses plaintiff's difficult life circumstances. *See* AR. 905. Case manager Archer's testimony

22    does not present measurable functional limitations, with the exception of the statement that

23    plaintiff experiences "depression that lasts for days." AR. 905. However, this statement does not

24

1   describe how frequently plaintiff experiences depression, nor his functioning when experiencing

2   days-long depression. Moreover, the ALJ did include limitations accommodating plaintiff's

3   mental impairments in the RFC. Therefore, even when crediting case manager Archer's

4   testimony in full, it is unlikely to change the ultimate disability determination. *Stout,* 454 F.3d at

5   1056 (reviewing cases). As discussed above, the ALJ based his opinion on substantial evidence

6   in the record, having considered the medical opinions of six psychologists. Therefore, any error

7   in assigning little weight to case manager Archer's opinion is harmless error.

8

9                                   CONCLUSION

10          Based on these reasons, and the relevant record, the undersigned recommends that this

11   matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). **JUDGMENT** should

12   be for **DEFENDANT** and the case should be closed.

13          Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

14   fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

15   6.  Failure to file objections will result in a waiver of those objections for purposes of de novo

16   review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

17   imposed by Rule 72(b), the clerk is directed to set the matter for consideration on November 9,

18   2018, as noted in the caption.

19          Dated this 23rd day of October, 2018.

20

21

22

23   J. Richard Creatura
     United States Magistrate Judge

24